Rodney L. Hinrichsen
Deborah A. Hinrichsen
1436 Terracita Lane
Alpine, CA 91901
Tel. 619.820.2136
bygonemel2@cox.net

FILED
17 FEB -3 PM 3:26
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ML DEPUTY

Plaintiffs Pro Se

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RODNEY L. HINRICHSEN, DEBORAH A. HINRICHSEN,

Plaintiffs,

vs.

BANK OF AMERICA, N.A.; MTC FINANCIAL, INC. DBA TRUSTEE CORPS; and Does 1-10, inclusive,

Defendants.

Case No.: 17CV0219 DMS RBB

**VERIFIED COMPLAINT**

Plaintiffs hereby complain and allege as follows:

PARTIES

1. Plaintiffs RODNEY L. HINRICHSEN and DEBORAH A. HINRICHSEN ("Plaintiffs") are and were at all times herein mentioned, individuals residing in the State of California, County of San Diego.

2. Defendant BANK OF AMERICA, N.A. ("BANA") is and was at all times a national banking association acting as purported beneficiary and loan servicer doing business in the State of California, County of San Diego.

3. Defendant MTC FINANCIAL INC. DBA TRUSTEE CORPS ("MTC") is and was at all times a California corporation doing business as a foreclosure trustee in the State of California, County of San Diego.

4. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. §2201, 28 U.S.C. §1331 pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for

pendent state law claims.

6. This action is for declaratory relief and further arises out of Defendants' violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, California Civil Code §2924.

7. Venue is proper in this District because the acts and transactions occurred here, plaintiffs reside here, the subject property is within this district and defendants transact business here.

FACTUAL ALLEGATIONS

8. Plaintiffs refinanced the property commonly known as 1436 Terracita Lane, Alpine, CA 91901 ("Subject Property") by virtue of a note and deed of trust dated December 17, 2009 in favor of MLD MORTGAGE INC. ("MLD") as Lender. MERS is named as beneficiary of the deed of trust and solely as nominee for Lender and LSI is named as Trustee (the "Loan Transaction"). The loan transaction was a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code §1788.2(d).

9. On 01/17/12 plaintiffs rescinded their loan transaction by sending their notice in writing by U.S. mail addressed to MLD Mortgage, Inc., 30 B Vreeland Road, Florham Park, New Jersey, 07932 under the Truth in Lending Act ("TILA") 15 U.S.C. §1635(f) because material disclosures including the

Regulation Z – Truth in Lending Statement and required notices of right to cancel were not delivered as mandated by law.

10. The underlying note and deed of trust became void by operation law effective with the mailing of the rescission notice, with any unpaid principal no longer secured by said deed of trust, with no liability for any finance charge or interest under the loan pursuant to 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).

11. Under 15 U.S.C. §1635(b), upon receipt of the rescission notice, MLD was required to cancel the note, release the deed of trust, and credit any and all payments, fees, and charges associated with the loan transaction to Plaintiffs' account and if it contested the rescission notice in any manner, it was required to file a declaratory action in Superior Court, which it never did.

12. On 4/20/13 BANA caused to record an assignment of deed of trust which purports that MERS as nominee for MLD assigned interest in the deed of trust to defendant BANA.

13. On 10/25/16 defendants BANA and MTC caused to record a substitution of trustee which purported to install defendant MTC as duly appointed trustee of the deed of trust.

14. In an effort to collect the unenforceable debt, defendants BANA and MTC caused to record a notice of default against the subject property on 10/25/16.

15. On 1/30/17 defendants BANA and MTC threatened to conduct a trustee's sale of the property against the property on March 3, 2017 by recording a notice of trustee's sale which makes false and misleading statements as follows:

> "...UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE."
>
> "MTC Financial Inc. dba Trustee Corps, as the duly Appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded on December 28, 2009 as Instrument No. 2009-0714236 ...WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER .. that certain property ...AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST."
>
> "...at the time of the initial publication of this Notice of Trustee's Sale is estimated to be $385,897.30 (Estimated). ...Beneficiary's bid at said sale may include all or part of said amount."

16. Plaintiffs have disputed the validity of the debt, the foreclosure proceedings and specifically that the trustee's sale could not go forward in writing to MTC.

17. BANA and MTC have made false, deceptive and misleading representations in connection with the collection of the alleged debt, and have

used unfair or unconscionable means to collect the debt because the debt is unenforceable, the note and deed of trust became void effective January 17, 2012, and since the deed of trust, the defendants cannot exercise the power of sale clause therefrom to maintain non-judicial foreclosure proceedings under Cal. Civ. Code 2924, thus the notice of default and all foreclosure documents subsequent thereto are void and not authorized.

FIRST CAUSE OF ACTION
Violation of the Fair Debt Collection Practices Act 15 USC §1692e(5)
(As Against Bank of America, N.A.; MTC Financial Inc.
dba Trustee Corps; and Does 1-10, Inclusive)

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

20. Defendants BANA and MTC are "debt collectors" as that term is defined by Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civil Code §1788.2(c) and/or by the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692a(6) because they are .

21. Plaintiffs rescinded their loan transaction on 1/17/12 which resulted in the note and deed of trust to become void by operation of law, and

unenforceable by any alleged successor to MLD, thus unenforceable by non-judicial foreclosure.

22. Since the deed of trust is void, the defendants cannot exercise the power of sale clause therefrom, and their conduct constitutes debt collection activities beyond the scope of the ordinary foreclosure process codified by Cal. Civ. Code §2924.

23. Within one year from filing the instant action, in an attempt to collect the underlying unenforceable debt, defendants BANA and MTC have threatened to take action that may not be legally taken because said defendants do not have a present right to possess the property through non-judicial foreclosure as the note and deed of trust are void and there is no valid deed of trust recorded against the property which allows the exercise of the power of sale clause pursuant to Cal. Civ. Code §2924.

24. BANA and MTC's collection activity is actionable under FDCPA because they are taking acts in furtherance of a foreclosure proceeding because (1) the underlying debt is unenforceable, (2) BANA and MTC cannot threaten to exercise the power of sale clause from a void note and deed of trust, (3) under TILA all interest, finance charges, etc. ceased effective January 17, 2012.

25. Defendants BANA and MTC have falsely represented and continue to falsely represent the character and legal status of the debt in violation of 15

USC §1692e(2)(A) since BANA and MTC cannot threaten to conduct a trustee's sale under Cal. Civ. Code §2924 which can only proceed against the security interest of the deed of trust for a valid debt.

26. BANA and MTC have violated 15 USC §1692f(6) for threatening to take any non-judicial action to effect dispossession or disablement of property with no right to claim the property as collateral through an enforceable security interest since the note and deed of trust are void, the deed of trust has been released, the underlying debt is unenforceable, and non-judicial foreclosure proceedings cannot be advanced, threatened or conducted in any manner and 15 USC §1692e for making false and misleading statements regarding a debt.

27. As a result, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each defendant herein.

## SECOND CAUSE OF ACTION

Violation of the Rosenthal Fair Debt Collection Practices Act

(As Against Bank of America, N.A.; MTC Financial Inc. dba Trustee Corps; and Does 1-10)

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiffs rescinded their Mortgage Loan on 1/17/12 which effectively caused the note and deed of trust to become void by operation of law with no further liability for interest and finance charges.

30. Defendants BANA and MTC have falsely represented "the character, amount, or legal status" of the subject debt, in violation of 15 U.S.C. § 1692(e)(2)(B) because the alleged debt is unenforceable due to the rescission and cannot be enforced by non-judicial foreclosure because the note and deed of trust are void and there is no valid deed of trust encumbering the property and they have violated 15 USC §1692f(6) for threatening to take any non-judicial action to effect dispossession or disablement of property with no right to claim the

property as collateral through an enforceable security interest.

31. BANA's conduct is actionable under Rosenthal as a purported assignee of the debt that was delinquent when it was allegedly assigned.

32. BANA and MTC's conduct is actionable under Rosenthal because the Rosenthal Act requires compliance with the FDCPA and a debt collector that violates the FDCPA also violates the provision of the Rosenthal Act, Cal. Civ. Code § 1788.17.

33. As a result, Plaintiffs are entitled to actual and statutory damages pursuant to Cal. Civ. Code §1788 et seq. from each defendant herein.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE §2924
## (Against Bank of America, N.A.; MTC Financial, Inc. dba Trustee Corps; Does 1 through 10, Inclusive)

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. California Civil Code §2924(a)(6) states in pertinent part that no entity shall commence non-judicial foreclosure unless it is the holder of the beneficial interest under the deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

36. The note and deed of trust became void by operation of law effective with plaintiffs' notice of rescission on January 17, 2012 with no valid interest transferable subsequent thereto.

37. The assignment of deed of trust is void on its face because there was nothing to assign, as the deed of trust is void.

38. Defendant BANA is not the holder of the beneficial interest of the deed of trust because it could not receive a valid assignment of the debt by virtue of the void assignment, further, BANA did not receive a valid assignment of the debt in any other manner.

39. Since BANA is not the holder of the beneficial interest of the deed of trust, it lacked capacity to authorize MTC as its agent to commence non-judicial

foreclosure and subsequently threaten to conduct trustee's sale against the property.

40. Additionally, MTC is not a properly installed substitute trustee of the deed of trust because it has not been duly appointed by a lawful beneficiary of the deed of trust in accordance with Cal. Civ. Code §2934a. As a result, MTC's conduct is not privileged under Cal. Civ. Code §2924, and its communications are not privileged under Cal. Civ. Code §47.

41. Plaintiffs request injunctive relief to enjoin the trustee's sale, cancellation of the foreclosure proceedings in its entirety, and damages in an amount to be determined at trial.

FOURTH CAUSE OF ACTION
VIOLATION OF HOMEOWNERS' BILL OF RIGHTS
CAL. CIV. CODE §2924.17
(Against Bank of America, N.A.; MTC Financial, Inc. dba Trustee Corps; and Does 1 through 10, Inclusive)

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Cal. Civil Code Section 2924.17 provides in relevant portion that foreclosure documents recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Cal. Civ. Code §2924 "shall be accurate and complete and supported by competent and reliable evidence;" and that before recording or filing any of the documents described

therein, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

44. Plaintiffs allege that defendants BANA and MTC have violated §2924.17 because foreclosure documents were recorded against the subject property in connection with a non-judicial foreclosure purporting to comply with Cal. Civ. Code §2924, but consequently the foreclosure proceedings are not supported by competent or reliable evidence.

45. There is no competent or reliable evidence of a valid non-judicial foreclosure against the property because 1) the note and deed of trust are void as a result of the rescission; 2) BANA never received a valid assignment of the debt in any manner, and 3) MTC is not a valid substitute trustee of the deed of trust.

46. Plaintiffs allege that the material violation was intentional or reckless, or a result of willful misconduct because each defendant was put on notice prior to the instant action that their actions were unwarranted and that the foreclosure was not valid.

47. Plaintiffs pray for statutory damages pursuant to Cal. Civ. Code §2924.12(b) in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## CANCELLATION OF INSTRUMENTS
## (Against Bank of America, N.A.; MTC Financial, Inc. dba Trustee Corps; and Does 1 through 10, Inclusive)

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiffs allege that the notice of default and notice of trustee's sale must be cancelled because they are void on their faces and if left outstanding they may cause injury to plaintiffs because defendants are using the void documents to threaten plaintiffs with the loss of their home.

50. Plaintiffs allege that the notice of default is void on its face because 1) BANA never received a valid assignment of the debt in any manner and did not have power of sale to instruct MTC to threaten to sell the property, and 2) MTC is not a valid substitute trustee of the deed of trust, thus a notice of default could not be issued under Cal. Civ Code §2924 in compliance with the terms of the deed of trust.

51. Plaintiffs allege that the notice of trustee's sale is void for the same reasons as the notice of default and in addition, a notice of trustee's sale is void that stems from a void notice of default.

52. Plaintiffs are excused from alleging tender because the foreclosure proceedings are void.

53. Plaintiffs request an order cancelling the notice of default and the notice of trustee's sale recorded against the subject property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

On the First Cause of Action:

1. For actual or statutory damages.

On the Second Cause of Action:

1. For statutory damages.

On the Third Cause of Action:

1. For injunctive relief to enjoin the foreclosure proceedings;
2. Cancellation of the foreclosure proceedings in its entirety;
3. For damages in an amount to be determined at trial.

On the Fourth Cause of Action:

1. For damages in an amount to be determined at trial.

On the Fifth Cause of Action:

1. Cancellation of the notice of default and notice of trustee's sale.

On all causes of action:

1. For costs of suit herein;
2. For such other and further relief as the court deems just and proper.

Dated: February 3, 2017

By: [signature]
Rodney L. Hinrichsen, Plaintiff Pro Se

By: [signature]
Deborah A. Hinrichsen, Plaintiff Pro Se

TRIAL BY JURY

Plaintiffs hereby respectfully demand a trial by jury.

Rodney L. Hinrichsen, Plaintiff Pro Se

Deborah A. Hinrichsen, Plaintiff Pro Se

**VERIFICATIONS**

I, RODNEY L. HINRICHSEN, am the Plaintiff in the above-entitled action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 3rd day of February, 2017, in Alpine, California.

RODNEY L. HINRICHSEN

I, DEBORAH A. HINRICHSEN, am the Plaintiff in the above-entitled action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The same is true of my own knowledge, except as to those matters which

are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 3rd day of February, 2017, in Alpine, California.

Deborah A. Hinrichsen

DEBORAH A. HINRICHSEN

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS088377
Cashier ID: nsiefken
Transaction Date: 02/03/2017
Payer Name: Rodney Hinrichsen

---

CIVIL FILING FEE
For: Rodney Hinrichsen
Case/Party: D-CAS-3-17-CV-000219-001
Amount: $400.00

---

CHECK
Check/Money Order Num: 19573
Amt Tendered: $400.00

---

Total Due: $400.00
Total Tendered: $400.00
Change Amt: $0.00

There will be a fee of $53.00
charged for any returned check.