# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. HINRICHSEN and DEBORAH A. HINRICHSEN,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. ET AL.,<br><br>Defendants. | Case No. 17-cv-0219 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Pending before the Court are Defendants Bank of America, N.A. ("BofA") and MTC Financial, Inc. dba Trustee Corps ("MTC")'s motions to dismiss Plaintiffs Rodney L. Hinrichsen and Deborah A. Hinrichsen's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed an opposition, and Defendants filed replies. For the reasons set forth below, Defendants' motions to dismiss are granted in part and denied in part.

## I.
## BACKGROUND

This lawsuit arises out of Defendants' attempt to foreclose on Plaintiffs' home through an allegedly void promissory note and deed of trust. Plaintiffs allege they refinanced their home by executing a promissory note in the amount of $310,000,

secured by a deed of trust in favor of the original lender, MLD Mortgage, Inc. ("MLD"). (Compl. ¶ 8; Request for Judicial Notice ("RJN"), Ex. A.) Approximately two years after obtaining the loan, Plaintiffs exercised their right of rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a) & (f), and sent a letter to MLD purporting to rescind the loan on grounds that MLD failed to make material disclosures in the loan transaction. (Compl. ¶¶ 8–9.) Plaintiffs allege the deed of trust and promissory note became void upon exercising their right of rescission under TILA, 15 U.S.C. § 1635(b). (*Id.* ¶ 10.) MLD never contested the rescission, and a deed of reconveyance was recorded, fully reconveying the property to Plaintiffs. (Compl. ¶ 11; RJN, Ex. B.)

Thereafter, Defendant BofA acquired the loan, discovered the reconveyance of the property to Plaintiffs, and recorded a rescission of reconveyance, stating the deed of reconveyance had been recorded due to inadvertence and mistake, and "[t]he obligation under the Note secured by the Deed of Trust was not and is not satisfied." (RJN, Ex. D.) Later, Defendant MTC substituted in as trustee and recorded a notice of default and election to sell under deed of trust. (*Id.*, Ex. F.) The notice of default reflects a default amount of $111,288.61. (*Id.*) A notice of trustee's sale was recorded on January 30, 2017. (*Id.*, Ex. G.)

In an effort to stop that sale, Plaintiffs filed the instant complaint against BofA and MTC, alleging the following five claims: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e & 1692f(6), (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17, (3) violation of California Civil Code § 2924(a)(6), (4) violation of California Civil Code § 2924.17(a) & (b), and (5) cancellation of instruments.

MTC requests the Court to take judicial notice of the following documents: (1) deed of trust recorded on December 28, 2009 ("Exhibit A"), (2) substitution of trustee and reconveyance of property recorded on February 21, 2012 ("Exhibit B"), (3) assignment of deed of trust recorded on April 10, 2013 ("Exhibit C"), (4)

rescission of reconveyance recorded on June 22, 2015 ("Exhibit D"), (5) substitution of trustee recorded on October 25, 2016 ("Exhibit E"), (6) notice of default and election to sell under deed of trust recorded on October 25, 2016 ("Exhibit F"), and (7) notice of trustee's sale recorded on January 30, 2017 ("Exhibit G"). Plaintiff does not oppose MTC's request for judicial notice. The Court takes judicial notice of the documents pursuant to Federal Rule of Evidence 201(b).[1]

## II.
## MOTION TO DISMISS

BofA moves to dismiss all claims. First, BofA argues the debt collection claims fail as a matter of law because it did not engage in "debt collection" within the meaning of the statutes. Second, it asserts the claims for violations of California Civil Code §§ 2924 and 2924.17 fail because these statutes do not allow a right of action prior to foreclosure. Third, BofA contends Plaintiffs have failed to allege adequate facts to support their claim for cancellation of instruments. MTC also moves to dismiss all claims on many of the same grounds.

To determine whether dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper, the Court must accept as true Plaintiffs' nonconclusory factual allegations, construe all reasonable inferences in favor of Plaintiffs, and consider in that light whether the facts are sufficient to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A. Debt Collection Claims**

    **1. FDCPA Claim Under § 1692e**

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. 15 U.S.C. § 1692. To state

---

[1] Section 201(b) provides for judicial notice of facts that are "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

a claim under the FDPCA, a plaintiff must allege the following: "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a debt collector under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Miner v. Baker,* No. 15-CV-2765-JAH (RBB), 2016 WL 6804440, at *2 (S.D. Cal. Aug. 26, 2016) (citation omitted). Specifically, under § 1692e, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Here, Plaintiffs allege Defendants violated § 1692e by falsely representing the character and legal status of the debt and threatening to conduct a trustee's sale based on a void deed of trust.

Defendants correctly argue they are not engaged in "debt collection" as contemplated by § 1692e of the FDCPA. The Ninth Circuit in *Ho v. ReconTrust Co.*, 840 F.3d 618, 621 (9th Cir. 2016), held that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." The Court reasoned that "[t]he object of a nonjudicial foreclosure is to retake and resell the security, not to collect money[.]" *Id.* Thus, "debt collection" under the FDCPA—save for one provision in the FDCPA discussed below—refers "only to the collection of a money debt." *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 970 (9th Cir. 2017).

The complaint does not allege Defendants engaged in any debt collection-related activity. Rather, the complaint focuses solely on Defendants' alleged wrongful enforcement of a void deed of trust, a security interest. Accordingly, Defendants' motions to dismiss the FDCPA claim under § 1692e are granted.

**2. FDCPA Claim Under § 1692f(6)**

Unlike § 1692e, the definition of debt collector under § 1692f(6) "include[s] a person enforcing a security interest." *Dowers,* 852 F.3d at 971 (citing 15 U.S.C. § 1692a(6)). Section 1692f(6) regulates more than just the collection of a money

debt.  It prohibits taking nonjudicial action to recover real property as collateral if there is not an enforceable security interest.  15 U.S.C. § 1692f(6).[2]  Because "Section 1692f(6) regulates nonjudicial foreclosure activity," Defendants cannot escape liability on grounds that non-judicial foreclosure is not debt collection under the FDCPA.  *Dowers*, 852 F.3d at 971.  Further, a trustee can be a debt collector under § 1692f(6).  *Mashiri v. Epsten Grinnell & Howell,* 845 F.3d 984, 990 (9th Cir. 2017) (holding, "where an entity is engaged solely in the enforcement of a security interest and not in debt collection, like the trustee …, it is subject only to § 1692f(6) rather than the full scope of the FDCPA.").[3]

Here, Plaintiffs allege Defendants threatened to take non-judicial foreclosure action to dispossess Plaintiffs of their property based upon a void note and deed of trust.  (*See* Compl. ¶ 26) (Defendants violated § 1692f(6) by "threatening to take … non-judicial action to effect dispossession or disablement of property with no right to claim the property as collateral through an enforceable security interest since the note and deed of trust are void[.]")).  The question becomes whether Plaintiffs have alleged sufficient facts to show that Defendants' security interest is void and confers "no present right to possession of the property[,]" thus rendering Defendants' attempt to foreclose violative of § 1692f(6).

/ / /

---

[2] Section 1692f(6) prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if … there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).

[3] MTC also argues that because it is a "foreclosure trustee," California's litigation privilege, Cal. Civ. Code §§ 47 and 2924(d), applies and bars the FDCPA claim.  "A state litigation privilege, however, does not defeat a federal cause of action."  *Selby v. Bank of Am., Inc*., 2010 WL 4347629, at *2 n.1 (S.D. Cal., October 27, 2010) (citing *Pardi v. Kaiser Found. Hosp.,* 389 F.3d 840, 851 (9th Cir. 2004); *see also Truong v. Mountain Peaks Fin. Servs., Inc.*, No. 3:12-CV-01681-WQH, 2013 WL 485763, at *7 (S.D. Cal. Feb. 5, 2013) (similar).

Defendants argue the note and deed of trust are not void, therefore they have an enforceable security interest and right to possession of Plaintiffs' property. Plaintiffs argue the note and deed of trust are void, as they properly rescinded the loan under TILA. Plaintiffs' position finds support in the plain language of TILA and the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).

Congress enacted TILA to protect borrowers by ensuring full "disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit[.]" *Hauk v. JP Morgan Chase Bank USA,* 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601). Accordingly, TILA provides special rescission rights to borrowers for certain loans secured by a borrower's principal dwelling. 15 U.S.C. § 1635(a). "To effectuate TILA's purpose, a court must construe 'the Act's provisions liberally in favor of the consumer' and require absolute compliance by creditors." *Hauk,* 552 F.3d at 1118 (citation omitted).

TILA's "buyer's remorse" provision, *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986), grants buyers the right to rescind within three days of either consummation of the loan transaction or delivery of certain information and rescission forms, whichever is later. 15 U.S.C. § 1635(a). This is an "unconditional" right to rescind for three days. *Jesinoski*, 135 S. Ct. at 792. After three days have passed, borrowers may rescind only if the lender failed to satisfy TILA's disclosure requirements. *Id.* This right of rescission is "conditional"—premised on the lenders failure to meet disclosure requirements—and must be exercised within "three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id.* (citing 15 U.S.C. § 1635(f)).

To exercise the conditional right of rescission under TILA, a borrower need only notify the creditor of his intention to rescind (and do so within three years of

consummating the loan transaction). *Jesinoski*, 135 S. Ct at 792. Section 1635(a) states unequivocally that a borrower "shall have the right to rescind … by notifying the creditor … of his intention to do so[.]" This "language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind." *Jesinoski*, 135 S. Ct. at 792. The borrower need not take any further action to perfect rescission. *Id.* (holding, "the statute does not also require him to sue within three years[,]" or take any other action). Driving home the point, the Supreme Court declared:

> "The clear import of § 1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. …[¶] The Jesinoskis mailed [Countrywide] written notice of their intention to rescind within three years of their loan's consummation. …[T]his is all that a borrower must do in order to exercise the right to rescind under the Act."

*Jesinoski*, 135 S. Ct. at 793.

Once a borrower exercises his or her right of rescission, it is incumbent upon the lender to act. "When an obligor exercises his right to rescind … any security interest given by the obligor … becomes void upon such a rescission." 15 U.S.C. § 1635(b). Faced with notice of rescission, the lender can unwind the loan by returning the borrower's down payment and taking any other action necessary "to reflect the termination of any security interest created under the transaction." *Id.* The borrower then would be required to "tender the property to the creditor[.]" *Id.* Alternatively, the lender can sue and contest the borrower's right to rescind. *See Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239 (D. Or. 2015) (discussing rescission under TILA, *Jesinoski*, and lender's options); *but see Pauson v. Bayview Loan Servicing, LLC*, No. C15-5612-RBL, 2016 WL 4528469 (W.D. Wash. Aug. 30, 2016) (exercise of conditional right of rescission under TILA does not

automatically void loan).[4]

As noted, a lender may file suit and challenge the borrower's right to rescind under TILA on a number of grounds. The loan, for example, may not be of a kind contemplated by TILA, as the Act excludes certain loan transactions. *See* 15 U.S.C. § 1635(e)(1)–(4) (specifying "[e]xempted transactions"). The right of rescission does not apply to a residential mortgage to finance the initial acquisition of a home. *Id.* §§ 1635(e)(1) & 1602(x); s*ee Merritt v. Countrywide Fin. Corp.,* 759 F.3d 1023, 1029 n.7 (9th Cir. 2014) ("TILA does not apply to residential mortgages used to finance the initial acquisition or construction of a dwelling.") Nor does TILA apply to a refinancing "(with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor[.]" 15 U.S.C. § 1635(e)(2).[5] The borrower's conditional right of rescission also could be challenged on grounds that all required disclosures were provided by the lender or that notice of rescission was not mailed within three years of loan consummation. The lender, however, must act to preserve its rights. "[A] timely notice of rescission automatically renders the security interest void under section 1635(b) where the creditor acquiesces in the rescission or ignores it." *U.S. Bank N.A. v. Naifeh,* 1 Cal. App. 5th 767, 779 (Cal. Ct. App. 2016), *review denied* (Nov. 9, 2016) (discussing *Jesinoski* and rescission under TILA).

*Naifeh* pointed out that the lender could contest the notice of rescission and ask the court to alter the procedure otherwise dictated by TILA:

> "[O]nce the creditor contests the notice of rescission, the court may alter the procedure otherwise dictated by the TILA, determine whether there were inadequate disclosures that would extend the rescission period to three years, and decide whether equity compels a requirement that the

---

[4] This Court respectfully declines to follow *Pauson* as it strays from *Jesinoski* and the plain language of TILA.

[5] Regulation Z provides for rescission of a refinance of a residential mortgage by a creditor *other than* the original creditor. *See* Regulation Z § 226.23(f); Commentary to § 226.23(f).

borrower tender the loan proceeds before the lender returns the amounts paid and releases its security interest. … [¶] [T]he plain language of the statute compels the conclusion that a court is empowered to facilitate equity in implementing a rescission under the TILA."

1 Cal. App. 5th at 781 (quoting 15 U.S.C. § 1635(b) ("The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.")).

Here, BofA does not contend TILA's right of rescission does not apply to Plaintiffs' refinance loan. BofA also does not contend MLD took any action to defend its interests after receiving Plaintiffs' notice of rescission. Rather, BofA's principal argument is that Plaintiffs cannot state a claim under TILA, as any such claim would be time barred. But Plaintiffs are not alleging a TILA claim against MLD (or BofA), nor do they need to. Rather, Plaintiffs are arguing BofA's security interest in the property was void as of the date of the notice of rescission, which means MLD had no interest in the property to transfer to BofA. Stated differently, Plaintiffs contend they properly rescinded the loan with MLD under TILA's rescission provisions, and having done so, the promissory note and deed of trust assigned to BofA by MLD are void and unenforceable. Thus, any argument that a TILA claim would be time barred is irrelevant.

Plaintiffs have alleged they gave notice of rescission within three years of consummation of the loan transaction with MLD. (Compl. ¶¶ 8–9). They have alleged MLD failed to make disclosures required by law. (*Id.* ¶ 9) ("On 01/17/12 plaintiffs rescinded their loan transaction by sending their notice in writing by U.S. mail addressed to MLD … under TILA 15 U.S.C. § 1635(f) because material disclosures including the Regulation Z—Truth in Lending Statement and required notices of right to cancel were not delivered as mandated by law.") They have also alleged MLD neither took steps to unwind the loan under § 1635(b), nor filed suit to challenge the rescission. (Compl. ¶ 11.) Plaintiffs have therefore stated a claim under § 1692f(6), as they have adequately alleged that the underlying deed of trust is void and Defendants took nonjudicial action to recover real property as collateral

without an enforceable security interest. Defendants' motions to dismiss the FDCPA claim under § 1692f(6) are therefore denied.[6]

### 3. RFDCPA Claim

Similar to the FDCPA, the RFDCPA was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1. The RFDCPA "mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). The RFDCPA provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j." Cal. Civ. Code § 1788.17. Therefore, the RFDCPA requires compliance with the FDCPA, and a debt collector that violates the FDCPA also violates the RFDCPA. *See* Cal. Civ. Code § 1788.17; *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1033 (N.D. Cal. 2013) ("a claim for violation of Rosenthal Act Section 1788.17 simply requires showing that a defendant violated any of several provisions of the FDCPA."). Plaintiffs' RFDCPA claims are based on the same allegations as the FDCPA claims. Because Plaintiffs have failed to state a claim under § 1692e of the FDCPA, their claim under the RFDCPA also fails. *See Bourgeois v. Ocwen Loan Servicing*, LLC, No. 15CV1655-GPC (BLM), 2016 WL 245526, at *12 (S.D. Cal. Jan. 21, 2016) (dismissing RFDCPA claim because the plaintiff failed to properly plead a FDCPA claim).

However, because Plaintiffs have stated a claim under § 1692f(6) of the FDCPA, that aspect of their claim under the RFDCPA would survive, but only if

---

[6] The Court's ruling only provides that Plaintiffs have stated a claim sufficient to defeat a motion to dismiss. The Court does not address at this stage of the proceedings the merits of Plaintiffs' claims, or any defenses or counterclaims that Defendants might pursue with respect to the security interest or underlying debt.

Defendants are "debt collectors" under the RFDCPA. Unlike the definition of debt collector under the FDCPA, the RFDCPA's definition does not include a person enforcing a security interest. *See Pflueger v. Auto Fin. Grp., Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *6 (C.D. Cal. Apr. 26, 1999) ("Although the definition of 'debt' in the California FDCPA differs slightly from the definition in the federal FDCPA, the enforcement of security interests does not fall within the scope of 'debt collection' as defined in the Act."); Cal. Civ. Code § 1788.2(c) (defining debt collector). As noted, nothing in the complaint suggests Defendants are engaged in the business of collecting money debt.

In addition, Plaintiffs cannot state a claim against MTC because "California expressly exempts trustees of deeds of trust from liability under the Rosenthal Act." *Ho*, 840 F.3d at 623 n.8 (citing Cal. Civ. Code § 2924(b). "The California legislature clearly views such trustees as materially different from debt collectors." *Id.* Defendants' motions to dismiss the RFDCPA claim are therefore granted.

**B.  California Civil Code § 2924(a)(6)**

Defendants move to dismiss the § 2924(a)(6) claim on the ground that there is no private right of action before foreclosure.[7] California's non-judicial foreclosure statutes, Cal. Civ. Code §§ 2924–2924k, "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (Cal. Ct. App. 2011) (citation omitted). The California legislature authorized a private right of action to enjoin a non-judicial trustee's sale where a lender violates any one of nine specified statutory provisions. Cal. Civ. Code §§ 2924.12(a)(1) & 2924.19(a)(1). The legislature, however, "did not provide

---

[7] MTC also argues the §§ 2924 and 2924.17 claims should be dismissed because they are barred by the litigation privilege under California Civil Code §§ 47 & 2924(b) &(d). Because these claims are dismissed for reasons stated in this Order, the Court declines to address this argument.

for injunctive relief for a violation of section 2924(a)(6)[.]" *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 158 (Cal. Ct. App. 2016) ("under the text of the [statutes], a foreclosure may be enjoined due to a material violation of the statutory provisions that the Legislature has chosen to list, but not due to a violation of unlisted provisions."). Section 2924 is not one of the nine sections identified in §§ 2924.12(a)(1) and 2924.19(a)(1). Because the legislature deliberately chose to authorize injunctive relief only for particular violations it identified, but not for a violation of § 2924(a)(6), there is no private right of action for injunctive relief or any other relief under § 2924(a)(6). *In re Bryce C.*, 12 Cal. 4th 226, 231 (Cal. 1995) ("Generally, the expression of some things in a statute implies the exclusion of others not expressed.") (citation omitted). Defendants' motion to dismiss the § 2924(a)(6) claim are granted.

**C. California Civil Code § 2924.17(a) & (b)**

Defendants move to dismiss the § 2924.17 claim for the same reasons they assert against the § 2924 claim. While the California legislature has provided a right of action under § 2924.17, the only pre-foreclosure relief provided under the statute is for injunctive relief. Cal. Civ. Code § 2924.12(a)(1) & (2). A borrower may recover "actual economic damages" resulting from a material violation of § 2924.17 only "[a]fter a trustee's deed upon sale has been recorded[.]" *Id*. § 2924.12(b).

Plaintiffs do not seek injunctive relief for violation of § 2924.17. Rather, Plaintiffs seek only statutory damages pursuant to § 2924.12(b). Plaintiffs, however, have not alleged a trustee's deed upon sale has been recorded or that a foreclosure sale has taken place. Because Plaintiffs are pursuing the § 2924.17 claim before foreclosure, only injunctive relief is available. *See Rae v. Bank of Am., N.A.*, No. CV 16-8932 PA (SSX), 2017 WL 447306, at *4 (C.D. Cal. Feb. 1, 2017) ("Only when a trustee's deed upon sale has been recorded may a borrower seek economic damages for a violation of Civil Code section 2924.17."). Accordingly, Defendants' motions to dismiss the § 2924.17 claim are granted.

**D.     Cancellation of Instruments**

Finally, Defendants move to dismiss the claim for cancellation of instruments, arguing it is based on a conclusory assertion that the loan is void, and Plaintiffs have failed to plead tender, a necessary prerequisite to cancellation. California Civil Code § 3412 provides for the cancellation of a written instrument when there is "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Pursuant to this statute, a court "can order cancellation of an invalid written instrument that is void or voidable." *Sato v. U.S. Bank Trust N.A. for Volt NPL IX Asset Holdings Trust*, No. CV1308469MMMMRWX, 2014 WL 12589665, at *15 (C.D. Cal. July 14, 2014) (citing *Compass Bank v. Petersen*, 886 F. Supp. 2d 1186, 1194 (C.D. Cal. 2012)).

To state a claim for cancellation of instrument, "'plaintiff[s] must show that [they] will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable.'" *D'Oleire v. Select Portfolio Serv., Inc*, No. 316CV02520GPCNLS, 2016 WL 7188289, at *9 (S.D. Cal. Dec. 12, 2016) (quoting *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10cv184 OWW, GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010)). A plaintiff must provide facts, "not mere conclusions, showing the apparent invalidity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Ephraim v. Metro. Trust Co. of Cal.*, 28 Cal. 2d 824, 833 (Cal. Ct. App. 1946). For the reasons discussed above, Plaintiffs have stated a plausible claim for cancellation of instruments. Having alleged timely rescission of the underlying note and deed of trust with MLD under TILA's statutory scheme, they have stated sufficient facts to show BofA's assigned note and deed of trust are void and that they will be prejudiced if such instruments are not cancelled. Further, Plaintiffs need not tender the loan proceeds to BofA to effect rescission or preserve such a right. *Jesinoski*, 135 S. Ct. at 793 (TILA "disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction.") (citing 15 U.S.C.

§ 1635(b)).[8]

## III.

## CONCLUSION

Defendants' motions to dismiss are granted in part and denied in part.[9] Specifically, Defendants' motions to dismiss the first cause of action under FDCPA § 1692(e), second cause of action under the RFDCPA, and third cause of action under California Civil Code § 2924(a)(6) are granted without leave to amend. Defendants' motions to dismiss the first cause of action under FDCPA § 1692f(6), and fifth cause of action for cancellation of instruments are denied. Defendants' motions to dismiss the fourth cause of action under California Civil Code § 2924.17 are granted with leave to amend. If Plaintiffs elect to file a First Amended Complaint, they must do so by May 23, 2017.

**IT IS SO ORDERED.**

Dated: May 9, 2017

Hon. Dana M. Sabraw
United States District Judge

---

[8] Section 1635(b) provides: "Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor." In other words, the borrower need not tender until the creditor first performs. 15 U.S.C. § 1635(b).
[9] Plaintiffs' Request for Notice of Lis Pendens is denied. *See* California Code of Civ. Proc. §§ 405.21 & 405.4 (authorizing lis pendens for real property claims not present here).