# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. HINRICHSEN and DEBORAH A. HINRICHSEN,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. ET AL.,<br><br>Defendants. | Case No. 17-cv-0219 DMS (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is Defendant MTC Financial, Inc. dba Trustee Corps ("MTC")'s motion to dismiss Plaintiffs Rodney L. Hinrichsen and Deborah A. Hinrichsen's First Amended Complaint ("FAC"). Plaintiffs filed an opposition, and MTC filed a reply. For the reasons set forth below, MTC's motion is granted.

On May 9, 2017, this Court issued an order granting in part and denying in part MTC and Bank of America, N.A. ("BofA")'s motions to dismiss.[1] On May 22, 2017, Plaintiffs filed a FAC, alleging the following three claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6), (2) violation of Cal. Civil Code § 2924.17, and (3) cancellation of instruments. Subsequently, on

---
[1] The Court issued an amended order on July 14, 2017.

June 8, 2017, MTC filed present motion. Specifically, MTC moves to dismiss Plaintiffs' second claim under § 2924.17, arguing § 2924.17 only applies to mortgage servicers, not trustees, and MTC is statutorily immune from liability pursuant to Cal. Civ. Code § 2924(d).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To determine whether dismissal under Rule 12(b)(6) is proper, the Court must accept as true Plaintiffs' nonconclusory factual allegations, construe all reasonable inferences in favor of Plaintiffs, and consider in that light whether the facts are sufficient to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In their second claim, Plaintiffs allege MTC and BofA violated § 2924.17 based on their recording of the notice of default and notice of trustee's sale.[2] (*See* FAC ¶¶ 14–15, 30.) Section 2924.17(b) provides, "Before recording or filing any of the documents described in subdivision (a), a *mortgage servicer* shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17(b) (italics added). Section 2924.17 "applies to a mortgage servicer, which is defined in § 2920.5 to specifically exclude a trustee."[3] *Dahnken v. Wells Fargo Bank, NA*, No. 4:13-cv-02838-PJH, 2017 WL 3049552, at *2 (9th Cir. 2017); *McKinney v. Citi Residential Lending Inc.*, No. 15CV307-MMA (WVG), 2015 WL 11822150, at *6 (S.D. Cal. Dec. 8, 2015) ("California Civil Code § 2924.17 only applies to mortgage servicers"). Plaintiffs have alleged MTC is a "foreclosure trustee," not a mortgage servicer.[4] (FAC ¶ 3.)

---

[2] Records show these notices were issued by MTC, not BofA.

[3] Section 2920.5 expressly states, "'Mortgage servicer' shall not include a trustee, or a trustee's authorized agent, acting under a power of sale pursuant to a deed of trust." Cal. Civ. Code § 2920.5(a)

[4] Plaintiffs also refer to MTC as a "debt collector." (FAC ¶ 21.) However, debt

1 Because there is nothing in the record to suggest MTC is a mortgage servicer, Plaintiffs cannot state a claim against MTC. Accordingly, this claim is dismissed with prejudice as to MTC.[5]

**IT IS SO ORDERED.**

Dated: August 10, 2017

Hon. Dana M. Sabraw
United States District Judge

---

collectors are not subject to § 2924.17 either. *See McKinney*, 2015 WL 11822150, at *6 n.13.

[5] Because MTC's motion is granted, the Court declines to address its remaining arguments. The Court denies MTC's request for judicial notice because the documents contained therein were not necessary to decide the present motion.