UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. HINRICHSEN,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>Defendants. | Case No. 17-cv-0219 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Defendant Bank of America, N.A.'s ("BofA") motion for summary judgment. Plaintiff Rodney L. Hinrichsen filed an opposition, and Defendant filed a reply. For the following reasons, Defendant's motion for summary judgment is granted in part and denied in part.

## I.

## BACKGROUND

On December 17, 2009, Plaintiff and his spouse refinanced their property in Alpine, California by executing a promissory note in the amount of $310,000, secured by a deed of trust in favor of MLD Mortgage, Inc. ("MLD"), the original lender. (Second Amended Complaint ("SAC") ¶ 8; Declaration of Ryan Dansby ("Dansby Decl.") ¶ 4, Exs. 1–2.) In January 2010, BofA purchased the loan from

MLD, and its subsidiary, BAC Home Loans Servicing, LP ("BAC"), became the loan servicer. (Dansby Decl. ¶ 5.) BofA later sold the loan to Freddie Mac, and BAC remained as the loan servicer. (*Id.*) BAC subsequently merged into BofA, and loan servicing transferred to BofA on July 1, 2011. (*Id.*, Ex. 3.)

Plaintiff made his last monthly payment on the loan on January 12, 2012 and ceased making further payments. (Dansby Decl. ¶ 7, Ex. 9.) On January 17, 2012, approximately two years after obtaining the loan, Plaintiff sent a letter to MLD purporting to rescind the loan on grounds that MLD failed to provide "copies of the material disclosures including the Regulation Z – Truth in Lending Statement and required notices of right to cancel as mandated by law." (SAC ¶ 9; Declaration of Owen Campbell ("Campbell Decl.") ¶ 7, Ex. 4.) MLD did not contest the notice of rescission, and therefore, Plaintiff claims the deed of trust and the promissory note became void upon exercising his right of rescission under TILA. (SAC ¶¶ 10–11.)

On October 25, 2016, BofA's foreclosure trustee recorded a notice of default against the property. (SAC ¶ 13.) On January 30, 2017, a notice of trustee's sale was recorded. (*Id.* ¶ 14.) In an effort to stop that sale, Plaintiff initially filed a Complaint against BofA and its foreclosure trustee, which has now been dismissed from the present action. On October 10, 2017, Plaintiff filed a SAC alleging the following five claims: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6), (2) violation of Cal. Civ. Code § 2924.17, (3) cancellation of instruments, (4) injunctive relief, and (5) declaratory relief.

## II.

## LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence

that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.*; *see also Butler v. San Diego Dist. Atty's Off.*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III.
### DISCUSSION

Defendant moves for summary judgment on Plaintiff's claims, which are premised on Defendant's alleged attempts at foreclosure without an enforceable security interest. Specifically, Plaintiff's theory of liability on each of his claims is as follows: On January 12, 2012, Plaintiff exercised a conditional right of rescission based on MLD's failure to satisfy TILA's disclosure requirements. MLD did not contest the rescission, and as such, the deed of trust and promissory note became "void by operation of law, and unenforceable by any alleged successor to MLD," including Defendant. (SAC ¶ 22.) Nevertheless, Defendant initiated foreclosure proceedings against the property "in an attempt to collect on the underlying

unenforceable debt[.]" (*Id.* ¶ 23.)

Here, the parties do not dispute the viability of Plaintiff's claims hinges on the validity of the notice of rescission. Defendant initially argues Plaintiff's claims fail because the notice of rescission was untimely and therefore ineffective. Specifically, Defendant contends there is no genuine dispute of material fact that Plaintiff received the requisite TILA disclosures and notices, and thus, Plaintiff only had three days after consummation of the loan to rescind, which he failed to do. TILA's "buyer's remorse" provision, *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986), grants buyers the right to rescind within three days of either consummation of the loan transaction or delivery of certain information and rescission forms, whichever is later. 15 U.S.C. § 1635(a). This is an "unconditional" right to rescind for three days. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

After three days have passed, however, borrowers "may rescind *only if* the lender failed to satisfy the Act's disclosure requirements." *Id.* (emphasis added). This right of rescission is "conditional." *Jesinoski*, 135 S. Ct. at 792. "*If* the creditor fails to make the required disclosures or rescission notices, the borrower's 'right of rescission shall expire three years after the date of consummation of the transaction.'" *Keiran v. Home Capital, Inc.*, 858 F.3d 1127, 1131 (8th Cir. 2017) (quoting 15 U.S.C. § 1635(f)) (emphasis added). However, "if no disclosure violation occurs, 'the right to rescind is not extended for three years and instead ends at the close of the three-day window following consummation of the loan transaction.'" *Id.* (quoting *Keiran v. Home Capital, Inc.*, 720 F.3d 721, 730 n.8 (8th Cir. 2013)). Given the date of the consummation of the loan, December 17, 2009, and the date of Plaintiff's notice of rescission, January 17, 2012, Plaintiff does not fall within TILA's "buyer's remorse" provision. Thus, Plaintiff's invocation of his right of rescission is timely "only if [MLD] failed to satisfy TILA's disclosure requirements." *Jesinoski*, 135 S. Ct. at 792.

Defendant contends Plaintiff's written acknowledgment of receipt of TILA disclosures and notices of right to cancel creates a rebuttable presumption under 15 U.S.C. § 1635(c) that Plaintiff received these documents.[1] Defendant therefore argues Plaintiff only had three days to rescind the loan because there was no TILA violation. (*See* Dansby Decl. ¶ 6, Exs. 4–8.) In support, Defendant has produced copies of two notices of right to cancel signed by Plaintiff and "acknowledg[ing] the receipt of two (2) completed copies of this notice of right to cancel." (*Id.*, Ex. 5.) Moreover, Defendant has produced copies of disclosure documents wherein Plaintiff signed and acknowledged that he had received "all applicable disclosures required by the Truth in Lending Act[.]" (*Id.*, Ex. 4; *see also id.*, Exs. 6–8.) The acknowledgments are unambiguous and give rise to the presumption that Plaintiff received the necessary documents.

To rebut this presumption, Plaintiff has submitted a declaration attesting "[he] did not receive copies of [his] loan documents on 12/17/09 or any other time thereafter, including material disclosures and the appropriate number of notices of right to cancel." (Declaration of Rodney L. Hinrichsen ¶ 1.) Plaintiff's declaration is consistent with his testimony at deposition denying receipt of such documents. As such, Plaintiff's evidence is enough to rebut the presumption of delivery. *See Abubo v. Bank of New York Mellon*, 977 F. Supp. 2d 1037, 1045 (D. Haw. 2013). Construing the evidence most favorably to Plaintiff, as the Court must on the present motion, there is a genuine issue of material fact whether Plaintiff's notice of right of rescission is timely.

Defendant further argues Plaintiff's signed acknowledgments are conclusive proof of receipt, pursuant to 15 U.S.C. § 1641(b). Based on the plain language of the statute, however, Defendant is not insulated by § 1641(b), which carves out

---

[1] Section 1635(c) provides if a consumer acknowledges in writing that he or she did receive a required disclosure, this creates "a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c).

rescission claims under TILA. Section 1641(b) provides:

> *Except as provided in section 1635(c) of this title*, in any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, written acknowledgement of receipt by a person to whom a statement is required to be given pursuant to this subchapter shall be conclusive proof of the delivery thereof …

15 U.S.C. §1641(b) (emphasis added). Section 1635(c) provides that acknowledgment of receipt of TILA disclosures creates only a rebuttable presumption. *See Lenhart v. EverBank*, No. 2:12-CV-4184, 2013 WL 5745602, at *6 (S.D.W. Va. Oct. 23, 2013); *In re Bumpers*, No. 03 C 111, 2003 WL 22119929, at *5 (N.D. Ill. Sept. 11, 2003). Thus, the signed acknowledgments at issue here created only a rebuttable presumption of receipt.

Next, Defendant argues that even if the notice of rescission was timely, Plaintiff's claims fail because they are premised on an incorrect theory that a notice of rescission under TILA automatically renders a lien void.[2] The Court disagrees. TILA provides unequivocally that a borrower "shall have the right to rescind … by notifying the creditor … of his intention to do so[.]" 15 U.S.C. § 1635(a). The Supreme Court in *Jesinoski* stated this "language leaves no doubt that *rescission is effected* when the borrower notifies the creditor of his intention to rescind." *Jesinoski*, 135 S. Ct. at 792 (emphasis added). The borrower does not need to sue to

---

[2] Defendant also argues that the Court should require Plaintiff to tender or post a bond because the lien is not void, but voidable. However, because genuine issues of material fact remain, the Court declines to address this argument. *See D'Oleire v. Select Portfolio Servicing, Inc*, No. 316CV02520GPCNLS, 2016 WL 7188289, at *9 (S.D. Cal. Dec. 12, 2016) ("California courts have distinguished between a void and a voidable foreclosure sale to determine whether an allegation of tender is required."); *see also Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (Cal. Ct. App. 2013) (homeowner not required to allege tender in causes of action for fraud, quiet title, wrongful foreclosure, declaratory relief, and cancellation of instruments where the foreclosure sale is void rather than voidable).

enforce the right within the three year statute of repose. *Id*. Yet, the right to rescind, as explained above, is predicated on a lender failing to provide the required disclosures in the first instance. *See id.* (a borrower has the right to rescind "only if the lender failed to satisfy the Act's disclosure requirements.").

Once a borrower properly exercises his or her right of rescission, it is incumbent upon the lender to act. "When an obligor exercises his right to rescind … any security interest given by the obligor … becomes void upon such a rescission." 15 U.S.C. § 1635(b). Faced with a notice of rescission, the lender can unwind the loan by returning the borrower's down payment and taking any other action necessary "to reflect the termination of any security interest created under the transaction." *Id*. The borrower then would be required to "tender the property to the creditor[.]" *Id*. Alternatively, the lender can sue and contest the borrower's right to rescind. *See Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239 (D. Or. 2015) (discussing rescission under TILA, *Jesinoski*, and lender's options).

Here, Plaintiff argues MLD has not taken any of these actions, and Defendant has not provided any evidence to the contrary. The Ninth Circuit, consistent with *Jesinoski*, recognized "[i]f [the lender] had acquiesced in [the borrower]'s notice of rescission, then the transaction would have been rescinded automatically, thereby causing a security interest to become void[.]" *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003); *see U.S. Bank N.A. v. Naifeh,* 1 Cal. App. 5th 767, 779 (Cal. Ct. App. 2016), *review denied* (Nov. 9, 2016) ("a timely notice of rescission automatically renders the security interest void under section 1635(b) where the creditor acquiesces in the rescission or *ignores it*."). In other words, "when the unwinding process is not completed and neither party files suit within the TILA statute of limitations[,] … *Jesinoski* directs that the rescission and voiding of the security interest are effective as a matter of law as of the date of the notice." *Paatalo*, 146 F. Supp. 3d at 1245; *see Hoang v. Bank of Am., N.A.*, No. C17-0874JLR, 2017 WL 5559846, at *7 (W.D. Wash. Nov. 16, 2017) ("If a borrower

effects rescission through notice under § 1635(a), he is not required to also bring a claim to enforce that rescission or have a court declare his rescission proper because he and the lender can complete the rescission process.").[3] Thus, this argument is without merit.

Lastly, Defendant argues it is entitled to summary judgment on the § 1692f(6) claim because it is not a debt collector for purposes of the FDCPA. Section 1692f(6) prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt when there is no "enforceable security interest." 15 U.S.C. § 1692f(6)(A). "[A] person enforcing a security interest" is considered a "debt collector" under the FDCPA. *Dowers v. Nationstar Mortg.*, LLC, 852 F.3d 964, 971 (9th Cir. 2017) (citing 15 U.S.C. § 1692a(6)). The FDCPA, however, exempts from the definition of debt collector "any person collecting or attempting to collect … a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F). Thus, if a loan servicer acquired servicing rights before the debt went into default, it is exempt as a debt collector. *See Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 639 (9th Cir. 2016) (citing *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011)); *see also Hanif v. Bank of New York Mellon*, No. 3:16-CV-1820-SI, 2016 WL 7378991, at *4 (D. Or. Dec. 20, 2016) (citing cases). Here, the undisputed evidence shows Defendant and its subsidiary have serviced the loan at issue since 2010, well before Plaintiff's default in 2012. Because Defendant serviced the loan before Plaintiff's default, it does not qualify as a debt collector for purposes of the FDCPA. Accordingly, Defendant's motion is granted as to the § 1692f(6) claim.

/ / /

/ / /

/ / /

---

[3] Here, whether Plaintiff's claims for injunctive relief or declaratory relief are time-barred is not at issue.

## III.
## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted as to the § 1692f(6) claim and denied as to the remaining claims.[4]

**IT IS SO ORDERED.**

Dated: July 17, 2018

_____
Hon. Dana M. Sabraw
United States District Judge

---

[4] Plaintiff's request for judicial notice is denied because the documents contained therein were not necessary to the resolution of the present motion.

– 9 – 17-cv-0219 DMS (RBB)